1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

| | | |
|---|---|---|
| RAYSHON THOMAS, | ) | 1:10-CV-00200 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITH |
| | ) | LEAVE TO FILE AMENDED PETITION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO SEND PETITIONER BLANK PETITION |
| THE SUPERIOR COURT OF MADERA | ) | FOR WRIT OF HABEAS CORPUS |
| COUNTY, | ) | |
| | ) | ORDER DENYING MISCELLANEOUS |
| Respondent. | ) | MOTIONS |
| _____ | ) | [Docs. #6, 8] |

13
14
15
16
17
18
19
20

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.

21
22

        On January 13, 2010, Petitioner filed a petition for writ of habeas corpus in the U.S. District

Court for the Southern District of California. Because the petition purports to challenge a conviction

out of Madera County, this action was transferred to the Fresno Division of the Eastern District.

23
24

**DISCUSSION**

25

A.  Procedural Grounds for Summary Dismissal

26

        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

27
28

        If it plainly appears from the petition and any attached exhibits that the petitioner is not
        entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

1   to notify the petitioner.

2   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

3   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

4   dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

5   dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

6   were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

7   B.   Failure to State a Claim

8        Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d

9   at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules

10  Governing Section 2254 Cases states:

11       The petition must:
         (1) specify all the grounds for relief available to the petitioner;
12       (2) state the facts supporting each ground;
         (3) state the relief requested;
13       (4) be printed, typewritten, or legibly handwritten; and
         (5) be signed under penalty of perjury by the petitioner or by a person authorized to
14       sign it for the petitioner under 28 U.S.C. § 2242.

15       The instant petition is completely deficient. It fails to set forth any grounds for relief; there

16  are no facts provided; and the petition does not state the relief requested. Therefore, the petition must

17  be dismissed.

18  C.  Failure to Name a Proper Respondent

19       A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

20  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

21  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

22  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

23  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

24  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

25  1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However,

26  the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894;

27  Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his

28  probation or parole officer and the official in charge of the parole or probation agency or state

1   correctional agency.  Id.

2       In this case, Petitioner names "The Superior Court of Madera County" as Respondent. This is

3   not a proper respondent. Petitioner's failure to name a proper respondent requires dismissal of his

4   habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423

5   F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948

6   (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by

7   amending the petition to name a proper respondent, such as the warden of his facility.  See West v.

8   Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th

9   Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v.

10   State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

11   D. Miscellaneous Motions

12       On March 11, 2010, Petitioner filed a motion requesting an extension of time. It is unclear

13   from the motion why he seeks an extension of time. In any case, the request is moot since Petitioner

14   will be directed to file an amended petition.

15       On May 5, 2010, Petitioner filed a motion for copies of records. This Court is not in

16   possession of any of Petitioner's records. To the extent he seeks copies of his prior state court

17   transcripts, he must make his request to the respective state courts.

18   E.  Conclusion

19       The instant petition must be dismissed for the above-stated reasons. Petitioner will be given

20   an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that

21   failure to file a petition in compliance with this order (i.e., a completely filled-out petition with

22   cognizable federal claims clearly stated, with supporting grounds for relief stated, and with a proper

23   respondent clearly stated) within the allotted time will result in a recommendation that the petition be

24   dismissed and the action be terminated. Petitioner is advised that the amended petition should be

25   titled "First Amended Petition" and must reference the instant case number.

26   ///

27   ///

28   ///

U.S. District Court
E. D. California          cd                                    3

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is hereby DISMISSED;

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order;

3) The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254; and

4) Petitioner's motions are DENIED.


IT IS SO ORDERED.

**Dated:   May 10, 2010**          _____
                                   **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE