1
2
3
4
5
6
7
8
9  # UNITED STATES DISTRICT COURT
10 ## EASTERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| RAYSHON THOMAS, | )  1:10-CV-00200 AWI GSA HC |
| Petitioner, | )  FINDINGS AND RECOMMENDATION |
| v. | )  REGARDING PETITIONER'S FAILURE TO |
| | )  FOLLOW A COURT ORDER |
| | )  [Doc. #12] |
| THE SUPERIOR COURT OF MADERA COUNTY, | ) |
| Respondent. | ) |

        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        On January 13, 2010, Petitioner filed a petition for writ of habeas corpus.  Following a preliminary review of the petition, on May 11, 2010, the undersigned issued an order dismissing the petition for failure to state a discernable claim and failure to name a proper respondent. Petitioner was granted thirty (30) days to file an amended petition curing the defects.  Petitioner requested additional time to file an amended petition, and the Court granted his request by extending the deadline an additional thirty (30) days. However, the order granting the extension was returned by the U.S. Postal Service as "Undeliverable, Refused."  The time allotted has now passed, and Petitioner has not complied with the court order.

**DISCUSSION**

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61;  Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since January 13, 2010.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure

1   to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

2   requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

3   Court's order to file an amended petition was clear that dismissal would result from non-compliance

4   with the Court's order.

5                              **RECOMMENDATION**

6         Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

7   Petitioner's failure to comply with a court order.

8         This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

9   States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

10  the Local Rules of Practice for the United States District Court, Eastern District of California.

11  Within thirty (30) days after service of the Findings and Recommendation, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

14  be served and filed within fourteen (14) days after service of the objections.  The Court will then

15  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19        IT IS SO ORDERED.

20     **Dated:    July 13, 2010**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28