UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYSHON THOMAS, | ) | 1:10-cv-00200 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | [ Doc. #20] |
| | ) | |
| THE SUPERIOR COURT OF MADERA COUNTY, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On May 11, 2010, the Magistrate Judge issued an order dismissing the petition for failing to state a discernable claim and for failure to name a proper respondent. Petitioner was directed to file an amended petition in compliance with the court order within thirty (30) days. On May 26, 2010, he filed a request for ninety (90) additional days to file the amended petition. The Court granted Petitioner additional time; however, the Court found good cause to grant 30 additional days, not 90 as Petitioner originally sought. Apparently, Petitioner did not agree with the order, since the order

was returned by the U.S. Postal Service as "Refused." The 30 allotted days passed and Petitioner failed to comply.

On July 13, 2010, the Magistrate Judge issued a Findings and Recommendation that recommended the petition for writ of habeas corpus be DISMISSED for Petitioner's refusal/failure to comply with a court order. The Findings and Recommendation was served on Petitioner and contained notice that any objections to the Findings and Recommendation were to be filed within thirty (30) days of the date of service of the order. Again, Petitioner refused and the Findings and Recommendation was returned on August 4, 2010, by the U.S. Postal Service. Therefore, on September 2, 2010, the undersigned issued an Order adopting the Findings and Recommendation in full and dismissing the case with prejudice. Judgment was entered on the same date.

On October 15, 2010, Petitioner filed the instant motion for reconsideration. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner fails to meet this standard. He has not shown any cause why the Court should relieve him from the final order dismissing his petition for refusal/failure to comply with a court order. Petitioner's motion is difficult to follow and cites to exhibits that are not attached. While Petitioner cites to general problems in obtaining legal mail, he fails to explain why he was unable to comply with the court's order. Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE